UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:21-cv-03904 |
| | : | |
| KASEY STOFKO, KUTZTOWN MOBILE HOME PARK, LLC, NICHOLAS PRIKIS, *and* SOPHIE PITTAS, | : | |
| Defendants. | : | |

**O P I N I O N**
Defendants' Motion for Summary Judgment, ECF No. 23 – Granted In Part

**Joseph F. Leeson, Jr.**  June 14, 2022
**United States District Judge**

## I. INTRODUCTION

This case is about the interpretation of an insurance policy. Scottsdale Insurance Company seeks a declaration that it has no duty to defend or indemnify the Defendants in an underlying state tort action.

The Defendants filed a Motion for Summary Judgment, contending that Scottsdale, as a matter of law, has a duty to defend and indemnify them in the underlying state tort action. *See* Mot., ECF No. 23. Scottsdale filed a response to the Motion, in which it concedes that it does have a duty to defend the Defendants but argues that its duty to indemnify does not arise unless the Defendants are found liable for damages that are covered by the policy. *See* Resp, ECF No. 24.

This Court grants the Motion as to Scottsdale's duty to defend the Defendants because Scottsdale concedes that it does have a duty to defend. However, it denies the Motion as to Scottsdale's duty to indemnify because whether Scottsdale has a duty to indemnify the Defendants can only be determined if the Defendants are found liable for damages in the underlying state tort

action. As a result, the Court dismisses Scottsdale's complaint for declaratory relief without prejudice.

## II.     UNDISPUTED FACTS

Kutztown Mobile Home Park, LLC, hired Jack's Hauling and Demolition Company to demolish a trailer. *See* Mot. ¶¶ 21–22. A man named Kasey Stofko alleges that he was hired temporarily to assist with the demolition and that he was working in the trailer when it collapsed. *See id.* ¶¶ 16–18. He filed a complaint in the Court of Common Pleas of Berks County against several individuals and entities, including some of the Defendants in this matter, alleging that their negligence caused him injuries. *See id.* ¶¶ 1–3.

At the time of the alleged injury, Scottsdale insured "Kutztown Mobile Home Park T/A Kutztown Enterprises" under a commercial general liability policy. *See id.* ¶¶ 5–6. The policy states that Scottsdale "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Pol., ECF No. 1-2. However, the policy contains the following exclusion:

**INJURY TO WORKER EXCLUSION**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

With respect to this endorsement, paragraph e. Employer's Liability of subsection 2. Exclusions of SECTION I—COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY is replaced by:

**e. Employer's Liability**

"Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

>This exclusion applies:
>
>(1) Whether the insured may be liable as an employer or in any other capacity; and
>
>(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
>The following is added to SECTION I—COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, subsection 2. Exclusions of the policy.
>
>This insurance does not apply to:
>
>1. "Bodily injury" to:
>
>a. An "employee," "leased worker," "temporary worker" or "volunteer worker" of any insured; b. Any contractor, subcontractor, sub-subcontractor or anyone hired or retained by or for any insured; or
>
>c. Any employee or anyone directly or indirectly employed by such contractor, subcontractor or sub-subcontractor or anyone for whose acts such contractor, subcontractor or subsubcontractor may be liable
>
>if such "bodily injury" arises out of and in the course of their employment or retention of such contractor, subcontractor or sub-subcontractor, regardless of whether or not it is caused in part by you; or
>
>2. Any obligation of any insured to defend, indemnify or contribute with another because of "bodily injury" to:
>
>a. An "employee," "leased worker," "temporary worker" or "volunteer worker" of any insured; b. Any contractor, subcontractor, sub-subcontractor or anyone hired or retained by or for any insured; or
>
>c. An employee of any contractor, subcontractor or sub-subcontractor

*Id.*

Scottsdale retained counsel for Kutztown in the Berks County matter and has provided a defense pursuant to a reservation of rights under the policy. *See* Mot. ¶ 7. As part of Scottsdale's investigation into the alleged accident, it has deposed Francis Stull, Nicholas Prikis, and Kasey Stofko. *See id.* ¶ 14.

Francis Stull, the owner of Jack's Hauling and Demolition Company, testified that he does not know Kasey and that he never hired anyone named Kasey Stofko to help with the demolition project. *See id.* ¶ 23–24.

Nicholas Prikis, the owner of Kutztown Mobile Home Park, testified that he has no knowledge for the reason for Kasey's presence at the accident site and that he did not know if Kasey was working for Jack's Hauling at the time. *See id.* ¶ 27.

Kasey testified that he was offered $200 or $300 to help with the demolition of the trailer by cleaning up debris and sweeping and pulling scrap. *See id.* ¶ 16–17. He also testified that he was never paid for his work and that he does not know who Francis Stull is. *See id.*

As a result of its investigation, Scottsdale filed a complaint for declaratory relief with this Court seeking a judgment that it does not owe coverage to the Defendants because of the "Injury to Worker Exclusion" in the policy. *See id.* ¶ 8. It alleges that Kasey was an employee of the Jack's Defendants at the time of the accident, which means his injuries are excluded from coverage and therefore Scottsdale has no duty to defend or indemnify the Defendants with respect to the Berks County matter. *See id.* ¶ 11.

The Defendants filed a motion for summary judgment requesting this Court to dismiss the Declaratory Judgment Complaint and issue an order that Scottsdale must defend and indemnify the Defendants under the policy. Scottsdale then filed a response to the Motion. *See* Resp.

### III. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A disputed fact is "material" if proof of its existence or nonexistence might affect the outcome of the case under applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 257.

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The court must consider the evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## IV.   ANALYSIS

In its Declaratory Judgment Complaint, Scottsdale seeks a declaration that it has no duty to defend or to indemnify the Defendants in the Berks County lawsuit. In their Motion, the Defendants contend that they are entitled to judgment as a matter of law that Scottsdale must defend and indemnify them under the policy. Since the duties to defend and to indemnify are separate and distinct, the Court addresses each in turn.

### a. *Duty to Defend*

An insurer must defend those it insures from any lawsuit that "may potentially come within the insurance coverage." *Alea London Ltd. v. Woodlake Mgmt.*, 594 F. Supp. 2d 547, 550 (E.D. Pa.

2009), aff'd, 365 F. App'x 427 (3d Cir. 2010). This is a broad duty that remains until the claim is confined to a recovery that the policy does not cover. *See id.*

Here, there is some evidence that the Berks County lawsuit falls outside the scope of the policy because Kasey claims that he was an employee when he was injured. However, there is also evidence that the lawsuit is covered by the policy because there is testimony that Kasey was not an employee at the time he was injured.

Indeed, in its Response, Scottsdale concedes that the "Defendants are entitled to a declaration that Scottsdale must defend the Kutztown Parties in the Stofko Action subject to Scottsdale's reservation of rights." Resp. 10. Since Scottsdale asks this Court to "grant the Kutztown Defendants Motion for Summary Judgment as to the duty to defend," there is no need for the Court to analyze further. The Court therefore grants the Motion as it relates to the duty to defend.

### b. Duty to Indemnify

The duty to indemnify is narrower than the duty to defend. *See Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 673 (3d Cir. 2016). Under this duty, an insurer must compensate the insured for any sums that the insured becomes legally obligated to pay as damages for claims covered by the policy. The duty to indemnify can only be triggered once an insured is found liable for damages. *See Knightbrook Ins. Co. v. DNA Ambulance, Inc.*, No. CIV.A. 13-2961, 2013 WL 6662745, at *7 (E.D. Pa. Dec. 16, 2013) ("But a ruling as to the duty to defend cannot automatically resolve the duty to indemnify which is tethered to the facts of the underlying action."). As a result, whether an insurer has a duty to indemnify is normally "best left to the court deciding the underlying lawsuit." *Id*.

Here, the underlying lawsuit is still being litigated in Berks County. It has not yet been determined whether the Defendants are liable for Kasey's alleged injuries. As a result, this Court

cannot determine whether Scottsdale has a duty to indemnify the Defendants. Scottsdale's duty to indemnify the Defendants for any damages that are covered by the policy can only be triggered if the Defendants are determined to be liable for such damages. As a result, the Court denies the Motion as it relates to the duty to indemnify as premature.

## V.     CONCLUSION

For the reasons above, the Court grants the Motion as to the duty to defend, denies the Motion as to the duty to indemnify, and dismisses the Declaratory Judgment Complaint without prejudice.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge